White, J.
The original petition in this case is in the nature of an information or bill in equity to • restrain the defendant from the permanent obstruction of a public highway, to the injury of'the public; and the first question arising in the case is,whether the attorney-general, in the name of the state, can maintain the action.
That courts of equity exercise jurisdiction in cases of purpresture and nuisance, of encroachments upon the public rights, as upon highways, rivers, and streets of towns, is well settled. The jurisdiction is predicated upon the broad ground of preventing irreparable injury, interminable litigation, a multiplicity of suits, and the protection of rights. Putnam v. Valentine, 5 Ohio, 187; Law of Nuisance by Wood, §769, and notes.
Under the system of equity pleading, prior to the adoption of the code, the proper remedy, in cases of nuisances purely public, was by information or bill in the name of the attorney-general, or of the government, instituted by him. Law of *440 Nuisance, supra, § 811; Story Eq. Jur. § 923 : Story Eq. Pl.§ 8.
That 'the attorney-general was authorized to institute such suits in behalf of the public is abundantly shown by the authorities. Attorney-General v. Johnson, Mayor, Commonalty & Citizens of London, Wilson Ch. 87; People v. Vanderbilt, 26 N. Y. 287; People v. Davidson, 30 Cal. 379; Attorney-General v. Stewart, 21 N. J. 340; Attorney-General v. Forbes, 2 Mylne & C. 123.
When the suit did not immediately concern the rights of the crown or govennent, its officers depended on the relation of some person, whose name was inserted in the information as the relator. A relator, however, in such cases was by no means indispensable; and the attorney-general might, if he chose, proceed in the suit without one. Story Eq. Pl. § 8.
Section 19 of the act prescribing the duties of the attorney-general, authorizes him to “ prosecute any suit, information, or other suit, either at law-or in equity, in behalf of the state, or in which the state may be interested.” S. & C. 90. Under this provision of the statute, the attorney-general was fully authorized to maintain the action.
The petition describes the relators as citizens and trustees of Mad. River Township, in the county of Montgomery; and it is claimed by counsel for the defendant, that as such trustees they have no authority to act as relators. This may be conceded ; but they were also citizens, and as such were competent relators. Moreover, as already remarked, it was competent for the attorney-general to institute the suit without a relator.
The defendant was incorporated under the act of May 1, 1852, to provide for the creation and regulation of incorporated companies.. S. & C. 271.
Section 16 of the act is as follows : “ It shall be lawful for such corporation, whenever it may be necessary in the construction of such road, to cross any road or stream of water, to divert the same from its present location or.bed; but said corporation shall, without unnecessary delay, place such road *441 or stream in such condition as not to impair its former usefulness.”
This provision of the statute forms part of the charter of the railroad company; and though subject to alteration or repeal, yet until so altered or repealed, it has the effect of a contract between the state and the company, in fixing the rights and liabilities of the latter.
The obligation of the company to place the highway in such condition as not to impair its former usefulness tr. the public, is a condition inseparable from the right or franchise granted to the company to cross the highway with its railroad, or to divert it from its location for the accommodation of the railroad. Railroad Co. v. Commissioners of Greene Co., 31. Ohio St. 338.
While the company continues in the exercise of the franchise, we entertain no doubt of the right of the state to compel it to perform the condition upon which the franchise was granted. This may be done, as was sought in this case, by petition invoking the equity powers of the court, prosecuted by the attorney-general in the name of the state. Such was the form of remedy in Attorney-General v. London & South Western Railway Co., 3 De G. & S. 439; and in The Same v. Great Northern Railway Co., 4 Id. 75.
In People v. C. & A. R. R. Co. (67 Ill. 118), and in People v. D. & C. R. R. Co. (58 N. Y. 152), the remedy was by mandamus. But no injunction was sought in these cases; and, without saying that mandamus might not have been resorted to in the present case, yet, the mode adopted was appropriate, and afforded a more flexible remedy.
The plaintiff having been found entitled to an injunction against the use of the highway by the railroad company, and the latter having diverted it from its location, but leaving it in such close proximity to the railroad as to make it dangerpus for public travel, it was proper for the court to prescribe what change in the location should operate to supersede the injunction. The condition was imposed after the final hearing of the cause, on testimony, and there is nothing in the record showing that the condition prescribed was unreasonable.
*442 There was no error in the court after enjoining the defendant from any further work on the highway, requiring it, on failure to comply with the condition prescribed, to remove the obstructions already placed thereon by the company. The People v. Vanderbilt, supra, 295, 298 ; Corning v. Troy Iron Nail Factory, 40 N. Y. 191. The plaintiff, being entitled to a perpetual injunction, it was competent for the court to administer full relief.
Counsel for the defendant relies on the act of March 7, 1873 (70 Ohio L. 53), amending the act establishing boards of county commissioners, as furnishing the only remedy in cases of the obstruction of a state or county road.- That act authorizes an action to be brought to recover damages by the county commissioners.
We regard the act as merely cumulative, and not as in any way affecting the right of the State to maintain the present action. Darling v. Peck, 15 Ohio, 71; People v. Vanderbilt, 26 N. Y., 294, 295.
Judgment of the district court reversed, and that of the common pleas affirmed, with an allowance of further time to the defendant, within which- to comply with the order.